## Sorber v. U.G.I. Corp.

*Allan P. Ramsay, Jr.,* for plaintiffs.
*Hopkin T. Rowlands, Jr.,* for defendant.

OLSZEWSKI, J., March 6, 1975—William M. Sorber and Lillie V. Sorber, his wife ("plaintiffs"), commenced an action in trespass against the U. G. I. Corporation ("defendant") for negligently cutting and removing certain trees, crops, and obstructing their right to cross their own property with agricultural and lumbering machinery, all resulting in · substantial monetary damages.

Defendant has filed preliminary objections to plaintiffs' amended complaint requesting a more specific complaint.

Reasons nos. 1, 2, and 3 in support of the preliminary objections are directed to plaintiffs' alleged failure to properly plead alternative causes of action in compli-

ance with Pa. R. C. P. 1020. More specifically, it is suggested that plaintiffs have violated the rule because they did not set forth the causes of action as separate counts. Paragraphs 5, 7, and 8 of the amended complaint aver that defendant acted "recklessly, carelessly, and negligently." Paragraph 11 of the amended complaint avers that the defendant's acts were done "wilfully, intentionally, and maliciously." Defendant's counsel suggests that plaintiffs are proceeding on alternative theories and that the counts should be set forth separately. On the other hand, despite the use of different language in the various paragraphs, plaintiffs' counsel insists that he is proceeding on only one course of action and that the "wilful, intentional, and malicious" conduct of defendant concerns an element of damage only. In Eby v. Sun Pipe Line Co., 21 D. & C. 2d 190 (1960) (at pp. 191, 192), the court held that it was improper to plead in one paragraph that defendant acted "carelessly, negligently, wilfully, and maliciously," and that such cause of action must be pleaded in separate counts. See also 2A Anderson Pennsylvania Civ. Pract. §1020.9, pp. 382-385, and §1020.10, pp. 385-388. Accordingly, it is incumbent upon plaintiffs to make absolutely clear whether or not they are proceeding by pleading more than one cause of action, and, if so, each must be set forth as separate counts. If they are only proceeding on one theory, that also should be made clear and comply with the appropriate Pennsylvania Rules of Civil Procedure.

Reason no. 4 complains that paragraph 5 of the amended complaint fails to specifically set out the manner in which defendant was negligent as required by Pa. R. C. P. 1019(f). In Regal Advertising Corp. v. Taft Broadcasting Co., Inc., 59 Luz. L. Reg. 43, this court held that when facts are known to both parties

an adverse party who has knowledge of the facts is not entitled to require that they be pleaded with the same precision as if he did not know them. Depositions are also available to defendant if it desires more detailed information.

Reason no. 5 complains that the types of trees allegedly cut and removed were not set forth with sufficient specificity as required by Pa. R. C. P. 1019(f). In paragraph 7 of the amended complaint, plaintiffs specifically aver that 150 to 175 trees were lost or destroyed and that six tons of hay were lost or destroyed. Once again, we hold that these are facts which are known to defendant, and if it desires more particular information, then, of course, that is available by deposition. See also Baker v. Rangos, 229 Pa. Superior Ct. 333 (1974).

Pa. R. C. P. 1019(f) does hold that items of special damage shall be specifically stated. If there is a claim for special damages, then these averments must be made with the required specificity. See 2A Anderson Pennsylvania Civ. Pract. §1019.67, pp. 269, et seq.

At argument, plaintiffs' counsel agreed that reasons nos. 6 and 7 were well taken, and it was agreed that the second amended complaint would contain a revised paragraph 8.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged, and decreed that the preliminary objections in the way of a more specific pleading are allowed as more fully appears in the opinion hereinabove. Plaintiffs are granted permission to file a second amended complaint within 20 days from the date hereof consistent with the holdings herein.